**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD MORGAN, | No. 18-16160 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04036-DLR |
| v. | |
| ELAINE L. CHAO, Secretary, U.S. Department of Transportation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted July 9, 2019
Portland, Oregon

Before: FERNANDEZ, TASHIMA, and OWENS, Circuit Judges.

Gerald Morgan appeals from the district court's grant of summary judgment

to his employer, the Federal Aviation Administration (FAA), on Morgan's Title

VII retaliation claim. Morgan also appeals from the district court's Rule 12(b)(1)

dismissal for lack of subject matter jurisdiction of his Title VII claim for damages

arising from an on-the-job car accident. As the parties are familiar with the facts,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

we do not recount them here. We vacate and remand in part and affirm in part.

The district court erred in granting summary judgment based on Morgan's failure to establish that the FAA's legitimate, nondiscriminatory reasons for his job reassignment were pretextual. Morgan raised a genuine issue of fact as to pretext by declaring that his supervisor—while handing Morgan his reassignment papers—stated, "I don't know why you have to file EEO, after a [sic] told you not to," "I am very disappointed at you," and "You are driving to Tucson every day now. I have to show that I did something!" Therefore, we vacate the district court's order granting summary judgment and remand for the district court to decide in the first instance whether Morgan established a prima facie case of retaliation.

The district court properly concluded that the Federal Employees' Compensation Act provides the exclusive remedy for Morgan's accident-related injuries. *See* 5 U.S.C. § 8116(c). Therefore, we affirm the district court's dismissal of Morgan's Title VII claim seeking damages arising from his on-the-job car accident.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**